UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                 Criminal Case No.: 2:22-cr-00147

TERRANCE SPENCER ALEXANDER, ET AL.

      Defendant.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONTINUE, OR IN THE ALTERNATIVE, MOTION TO SEVER FOR PREJUDICIAL JOINDER

COMES NOW, Defendant, Terrance Spencer Alexander ("Alexander"), by and through the undersigned counsel, and for his Memorandum of Law in Support of the Motion to Continue, or in the alternative, Motion to Sever for Prejudicial Joinder, states as follows:

### I. PROCEDURAL HISTORY

This case originated on December 7, 2022, with an Indictment filed against eight individuals: Cortney Allen Conley ("C. Conley"), Rashaun Marcquez Johnson ("Johnson"), Davian Marcelis Jenkins ("Jenkins"), Lateya Conley (L. Conley"), Jasmine Deneen Cuffee ("Cuffee"), Kasheim Bryant ("Bryant"), Javaid Akhtar Reed ("Reed"), and Kyron Speller ("Speller") (collectively, "Defendants"). All eight Defendants were charged with Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and Psilocybin with an accompanying criminal forfeiture count, among a myriad of other serious crimes. See ECF No.: 6. Other charges included Possession with Intent to Distribute Marijuana (Counts 2, 8) and Possession with Intent to Distribute Psilocybin (Counts 3, 9), Possession, Brandish, and Discharge of a Firearm in Furtherance of a Drug Trafficking Crime (Counts 4, 5,6, 11), Maintaining a Drug Involved Premises (Count 7), and Felon in Possession of a Firearm (Count 10). On January 3,

2023, Jenkins was arraigned. The remaining seven (7) Defendants were arraigned on January 4, 2023. By agreement of all the parties involved in the case *at that time*, due to the complexity of the case and/or in the interest of justice, pursuant to 18 USC 3161(h), speedy trial was waived and trial was scheduled to commence on September 19, 2023. On April 7, 2023, Bryant pled guilty, and his sentencing is scheduled for September 15, 2023.

On April 19, 2023, the United States filed a Superseding Indictment naming three additional Defendants, including Alexander, Corey Melic Blackwell ("Blackwell"), and Aaron Hunter ("Hunter"). See ECF No.: 150. The Superseding Indictment contains the same charges as in the original Indictment, but added a charge for Continuing Criminal Enterprise and Using a Communication Facility. Alexander's Initial Appearance was held on April 27, 2023. The undersigned was appointed as counsel for Alexander that same day, but was not advised of the trial date at the time of assignment. Alexander's Arraignment and Detention hearing was scheduled for May 2, 2023. The undersigned met with Alexander at Western Tidewater Regional Jail on Saturday evening, April 29, 2023, and prepared extensively for the detention hearing. Following a lengthy proffer and argument during the detention hearing on May 2, 2023, Alexander was released on bond with special conditions. See ECF Nos.: 178, 184, 185.

Hunter was arraigned on May 4, 2023. Blackwell was arrested in the Northern District of Georgia on May 4, 2023, but has not yet made an Initial Appearance, or been appointed counsel in this district. The seven remaining original Defendants are scheduled for arraignment on the Superseding Indictment on May 15, 2023.

## II. FACTUAL BACKGROUND

The primary thrust of the original Indictment is a May 13, 2022 double homicide at an apartment on Wintercress Way in Chesapeake, Virginia, apparently known to law enforcement

as a "popup" dispensary for marijuana and psilocybin. See gen., ECF No.: 6. The facts included within the original Indictment focus almost exclusively on events in 2022, and in particular, the events occurring on May 13, 2022 at Watercress Way. Id. On the other hand, the Superseding Indictment expands the time frame to January 2020 through November 2022, and includes events that allegedly occurred in July 2021 in a "Providence Road" "popup" shop location. See ECF No.: 150. The eighteen counts in the Superseding Indictment include a range of drug-related crimes, and the 31-page Superseding Indictment contains 19 paragraphs of general allegations which detail the drug trafficking organization's activities, including travel to California and Oregon, the double homicide at Watercress Way, and various attempts by members of the conspiracy to evade law enforcement and to flee from this District. On the other hand, the factual allegations related to Alexander are limited to three paragraphs (see ECF No.: 150, ¶¶ 3, 7 and 8) and recount an attempted robbery of a "popup" shop which occurred in July 2021 in which Alexander was purportedly involved.

### III. LEGAL STANDARD

#### A. Continuance

The Fourth Circuit has repeatedly suggested that "broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel." U.S. v. Williams, 445 F. 3d 724, 739 (4th Cir. 2006) (citing Morris v. Slappy, 461 U.S. 1, 11-12 (1983)). Accordingly, whether to grant a motion to continue a trial is within the broad discretion of the district court. Morris v. Slappy, 461 U.S. 1, 11-12 (1983); see also United States v. Cronic, 466 U.S. 648, 662-66 (1984); United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995).

B. **Joinder and Relief from Joinder**

Under Rule 8(b) of the Federal Rules of Criminal Procedure, an indictment:

"may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count."

Fed. R. Crim. P. 8(b). If a defendant is improperly joined under Rule 8(b), severance is mandatory and not a matter of discretion with the trial court. United States v. Marionneaux, 514 F.2d 1244, 1248 (5th Cir. 1975); see also Ingram v. United States, 272 F.2d 567, 569-70 (4th Cir. 1959). As outlined above, the test for joinder under Rule 8(b) is whether the defendants "are alleged to have participated in the same act or transaction or in the same series of acts or transactions." Fed. R. Crim. P. 8(b). Where the defendant's acts are part of a series of acts or transactions, it is not necessary that each defendant be charged in each count, nor to show that each defendant participated in every act or transaction in the series. United States v. Scott, 413 F.2d 932, 934-35 (7th Cir. 1969), cert. denied, 396 U.S. 1006, 90 S.Ct. 560, 24 L.Ed.2d 498 (1970); 1 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE §144, at 324 (1969). Although "series of acts or transactions" is not defined in the Rule, such phrase logically includes those transactions so interconnected in time, place and manner as to constitute a common scheme or plan. United States v. Jackson, 183 U.S. App. D.C. 270, 277, 562 F.2d 789, 796 (1977); United States v. Scott, supra. On the other hand, "joinder of defendants and offenses totally unconnected is prohibited by Rule 8(b). This is not a matter of discretion; both the statutory language and the decided cases make this clear." Ingram, 272 F.2d at 569. The Fourth Circuit has clearly held that "…Rule 8(b) limits the joinder of defendants in the same indictment only to situations where they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses. In other words, different unconnected

4

offenses not arising out of the same series of transactions may not be joined in an indictment. There is good reason for that restriction…the purpose is to prevent mass trials." Id. at 570.

On the other hand, if joinder is proper the trial court is permitted to exercise its discretion in determining whether or not to proceed with a joint trial. Ingram, 272 F.2d at 569-70; See also United States v. Whitehead, 539 F.2d 1023 (4th Cir. 1976). Under Federal Rule of Criminal Procedure 14(a):

> "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

Fed. R. Crim. P. 8(b). Generally speaking, when defendants are indicted together, they should be tried together. United States v. Singh, 518 F.3d 236, 255 (4th Cir. 2008) (citing United States v. Strickland, 245 F.3d 368, 384 (4th Cir.) (2001)). The United States Supreme Court has commented that joint trials are more efficient, and "generally serve the interests of justice by avoiding the ... inequity of inconsistent verdicts." Richardson v. Marsh, 481 U.S. 200, 210, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). Therefore, when an indictment properly has joined two or more defendants under the provisions of Rule 8(b), severance pursuant to Rule 14 is rarely granted. Cf. United States v. Hornsby, 666 F.3d 296, 309 (4th Cir.) (2012) (When offenses "are properly joined under Rule 8(a), severance of the offenses is rare."). Severance generally is granted only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993).

Since joinder is proper under Rule 8(b), this Court should consider whether the joinder prejudices Alexander in such a way that his case should be severed from the remaining defendants under Rule 14(a).

## IV. ARGUMENT

### A. Continuance of this Case is Warranted

This case originated in early December 2022 and included eight named Defendants. Of those Defendants, seven remain involved in this case, and three Defendants were added in the last three weeks. The trial of this case was set during the arraignment of Jenkins on January 3, 2023, three months and four days before the Superseding Indictment was filed, and long before Alexander made his initial appearance on April 27, 2023.  When the undersigned was contacted regarding the appointment as counsel for Alexander, the trial date was not disclosed at that time. It was not until after the undersigned counsel met with Alexander at length, spoke with his Mother, and now third party custodian, and prepared extensively for the detention hearing that the trial date became known.  The undersigned is scheduled to be in a five-day bench trial in the Circuit Court for the City of Fairfax starting on September 19, 2023, the same day the trial of the instant case is set to commence. The trial in Fairfax was scheduled prior to August 2022, and involves multiple parties, and five separate attorneys of record, none of whom can serve as counsel for the undersigned's client.

Further, although Blackwell was arrested in the Northern District of Georgia on May 4, 2023, he has not yet made an Initial Appearance, or been appointed counsel in this district.  The seven remaining original Defendants are scheduled for arraignment on the Superseding Indictment on May 15, 2023.  Speedy trial was waived due to the complexity of the case and/or in the interest of justice, pursuant to 18 USC 3161(h), and upon information and belief, the discovery in this case is voluminous, encompassing approximately 3 terabytes of data. As of the date of the attached Certificate of Service, discovery has not been provided to the undersigned.

A short continuance of this case would not prejudice any of the Defendants, or the United States in any appreciable way, especially since Speedy Trial has already been waived,

and the voluminous discovery not yet produced. On the other hand, a continuance of this case would benefit Alexander and the two other Defendants, who have only recently been named as Defendants pursuant to the Superseding Indictment filed after the trial date had been set.

### B. Joinder of Defendant Terrance Spencer Alexander

Almost all courts agree that a conspiracy count normally provides a sufficient allegation that the defendants engaged in the same series of acts or transactions, making joinder permissible. 1A FED. PRAC. & PROC. CRIM. §144 (4th Ed.). The United States Court of Appeals for the Fourth Circuit has found that where codefendants are charged with separate substantive offenses, the substantive counts are not misjoined where the conspiracy count, the connecting link of the substantive counts, is proved. U.S. v. Godel, 361 F.2d 21, 24 (4th Cir.) (1966) (citing United States v. Wright, 309 F.2d 735 (7th Cir.) (1962)); see also, U.S. v. Akinkoye, 185 F3d 192, 192 (4th Cir.) (1999) ("Generally, we adhere to the rule that defendants charged with participation in the same conspiracy are to be tried jointly."). For this reason, Alexander has been properly joined as a Defendant in this case.

### C. Joinder of Defendant Terrance Spencer Alexander with the remaining Defendants is unduly prejudicial.

Although joinder of Alexander is proper under Rule 8(b), Rule 14(a) provides a potential basis for severance of his trial on the basis that his inclusion is prejudicial. See Fed. R. Crim. P. 14(a). Although Alexander bears the burden to establish that severance is appropriate, under the facts of this case, there is a serious risk that a joint trial will prevent the jury from making a reliable judgment about guilt or innocence. United States v. Quazah, 810 F. 3d 879 (4th Cir.) (2015).

The Government contends that the eight original Defendants were involved in an ongoing

conspiracy to distribute and traffick marijuana and psilocybin. The investigation began after a violent, deadly shoot-out occurred on May 13, 2022 in the city of Chesapeake, Virginia. Upon information and belief, on that date, interior camera footage recovered by the United States recorded C. Conley and Johnson inside the apartment. The United States contends this apartment was in fact a "pop up" dispensary, and that C. Conley and Johnson were involved in selling products that were arranged on tables to potential buyers who would come to the door. The footage purportedly shows the door being opened and two individuals attempting to enter the apartment armed with handguns, presumably in an attempt to rob the dispensary. At that point, the video depicts C. Conley and Johnson opening fire on the two individuals, and the shoot-out is particularly violent, captured on both audio and video and from multiple angles. Shots are fired over an extended period of time, and the two individuals are killed after one, in clear agony of the wounds, begs for forgiveness and mercy. Alexander is not alleged to have been involved in this incident, nor was he captured on the video recording. Even if the allegations against Alexander are true (which he disputes), Alexander's involvement is minimal compared to the other Defendants, and it is undisputed that he had no role in the double homicide.

As the United States Supreme Court remarked in Zafiro v. United States, 506 U.S. 534 (1993): "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." Id. at 539. This is precisely the situation in the case at bar. Given the volume of evidence and the number of defendants, it will be difficult, if not impossible, for the jury to compartmentalize the evidence as it relates to Alexander, and this is the type of situation Rule 14(a) allows a court to avoid. The spillover effect of the evidence against the co-defendants will be highly and unfairly prejudicial to Alexander and the sheer breadth of evidence will subvert his presumption of innocence.

The risk of prejudice from such joinder is heightened in light of the complexity of the case and the number of Defendants being tried together, and Alexander has a markedly different degree of potential culpability than the Defendants involved in the double homicide, the trips to Oregon and California and the attempts to evade from law enforcement and flee from this District. That said, there is a serious risk that a joint trial would prevent the jury from making a reliable judgment about guilt or innocence of Alexander. The cure for this is simple and necessary. Alexander's trial can and should be severed from that of the remaining Defendants.

### D. Logistical Limitations Preclude a Joint Trial of This Magnitude With Ten Defendants.

It may be unnecessary to resolve the severance argument in light of the practical reality that, even if this Court denies the pending motions to sever, logistical limitations could preclude a joint trial of this magnitude with ten defendants. First and foremost, focusing solely on the space necessary to seat the litigants and their counsel at tables in the courtroom, there would be no less than 20 persons on the defense side. This begs the question as to whether there is a courtroom large enough to allow the United States the space it needs to organize and present its evidence, yet still provide sufficient space for each Defendant to sit adjacent to his or her lawyer at a table with space for defense litigation files and/or any approved computer equipment. There is precedent for dividing the case into trial groups. In United States v. McManus, 23 F.3d 878 (4th Cir. 1994), the district court split the defendants into two groups because of the logistical difficulties associated with truing eleven defendants at once. Id. at 882. On appeal, the Court of Appeals for the Fourth Circuit noted that although Federal Rule of Criminal Procedure 14 is silent as allows to the trial court's authority to grant a severance *sua sponte*, this "power has been recognized." Id. at 883 (citing Jackson v. United States, 412 F.2d 149, 151 (D.C. Cir. 1969)); see also, United States v. McKenzie, 43 F.3d 1469 (4th Cir. 1994) (unpublished) (noting that

9

after one defendant entered a guilty plea, "'the district court divided the remaining nine defendants into two groups for trial'"); United States v. Evans, 635 F. Supp. 2d 455, 456 (W.D. Va. 2009) (noting that the defendants "were severed into manageable groups for trial"); United States v. Rosga, 3:10cr170, slip. op. at 4 (E.D. Va. Oct. 1, 2010), ECF No. 454 (ordering that a complex RICO/VICAR case be divided into two separate trials of seven defendants each, explaining that "if all fourteen Defendants were tried in a single trial, the defense table alone would be crammed with twenty-nine persons and numerous computers" and finding that "[t]he absurdity of endeavoring to conduct a trial of this magnitude is manifest").

A practical cure for this issue is severance of Alexander's case, or at a minimum, severance of the trial from the Defendants named in the original Indictment, and the scheduling of a trial date for the three Defendants added in the Superseding Indictment in April 2023.

## V.     CONCLUSION

The allegations against Alexander, while serious, simply do not rise to the level of conduct attributed to other Defendants, especially the involvement in the May 2022 double homicide, in which Alexander was not involved. The Court should consider the issue of prejudice under Rule 14(a), and especially the markedly different degrees of culpability. In the interest of justice and to avoid substantial and inevitable prejudice, Alexander's case should be severed, if not for prejudicial reasons, at least for logistical concerns.

Based on continuity of counsel, the need to review discovery which has not yet been provided by the United States and to allow for the appearance of the remaining Defendant who has not yet been transferred to this district and made an initial appearance, and in light of the fact that the Court has already determined that this case is complex and that the ends of justice warrant a trial outside the Speedy Trial Act, Alexander prays that this Honorable Court continue

the trial of this case generally, or in the alternative, sever his case from the remaining Defendants and a separate trial date to be scheduled, and for such further relief as justice requires.

                                  TERRANCE SPENCER ALEXANDER

By: _____/s/_____
Mary T. Morgan, Esq.
Virginia State Bar No.: 44955
*Counsel for Terrance Spencer Alexander*
INFINITY LAW GROUP, P.L.C.
4646 Princess Anne Road, Unit 104
Virginia Beach, Virginia 23462
Telephone: (757) 609-2702
Facsimile: (866) 212-1310
Email: mary@infinitylawva.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of May 2023, I will electronically file the foregoing with the Clerk of Court using the CM/EMF system, which will send a notification of such filing (NEF) to all counsel of record, including:

Megan M. Montoya
Assistant United States Attorney
United States Attorney's Office
World Trade Center
101 West Main Street, #800
Norfolk, Virginia 23510
megan.montoya@usdoj.gov

_____/s/_____
Mary T. Morgan, Esq.
Virginia State Bar No.: 44955
*Counsel for Terrance Spencer Alexander*
INFINITY LAW GROUP, P.L.C.
4646 Princess Anne Road, Unit 104
Virginia Beach, Virginia 23462
Telephone: (757) 609-2702
Facsimile: (866) 212-1310
Email: mary@infinitylawva.com